UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

HERMAN KELLEY and BESSIE BANKS,

*Plaintiffs*,

v.

THE UNIVERSAL MUSIC GROUP,
ISLAND DEF JAM RECORDS, DESERT
STORM RECORDS, and KILLA RECORDS,

*Defendants*.

Case No. 14-CV-2968 (PAE)

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
UMG RECORDINGS, INC. TO DISMISS THE AMENDED COMPLAINT
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................3

*Bernstein v. E. 51st St. Dev't Co.*,
    78 A.D.3d 590 (1st Dep't 2010) ..............................................................................13

*Briarpatch Ltd. v. Phoenix Pictures, Inc.*,
    373 F.3d 296 (2d Cir. 2004)...................................................................................7, 8

*Complex Sys., Inc. v. ABN Ambro Bank N.V.*,
    979 F. Supp. 2d 456 (S.D.N.Y. 2013).......................................................................6

*Contractual Obligation Productions, LLC v. AMC Networks, Inc.*,
    No. 04 Civ. 2867, 2006 WL 6217754
    (S.D.N.Y. Mar. 31, 2006) .........................................................................................6

*Cortner v. Israel*,
    732 F.2d 267 (2d Cir. 1984)..................................................................................5, 7

*DiFolco v. MSNBC Cable L.L.C.*,
    622 F.3d 104 (2d Cir. 2010).....................................................................................3

*Eden Toys, Inc. v. Florelee Undergarment Co.*,
    697 F.2d 27 (2d Cir. 1982)....................................................................................5, 7

*Gusler v. Fischer*,
    580 F. Supp. 2d 309 (S.D.N.Y. 2008).......................................................................3

*Hareley v. Nesby*,
    No. 08 Civ. 5791, 2012 WL 1538434
    (S.D.N.Y. April 30, 2012).......................................................................................13

*Howell v. NY. Post Co.*,
    81 N.Y.2d 115 (1993).........................................................................................12, 13

*Innovation Ventures, LLC v. Ultimate One Distr'g. Corp.*,
    No. 12-cv-5354, 2014 WL 1311979 (E.D.N.Y. Mar. 28, 2014)..............................10

*Kregos v. Associated Press*,
    3 F.3d 656 (2d Cir. 1993).........................................................................................7

*Lentell v. Merrill Lynch & Co.*,
    396 F.3d 161 (2d Cir. 2005).....................................................................................4

*Mackie v. Rieser*,
   296 F.3d 909 (9th Cir. 2002) .................................................................................................12

*Newsome v. Brown*,
   209 F. App'x 11 (2d Cir. 2006) ...............................................................................................5

*Peay v. Ajello*,
   470 F.3d 65 (2d Cir. 2006) .......................................................................................................4

*Shared Comm'n Srvcs. of ESR, Inc. v. Goldman Sachs & Co.*,
   23 A.D. 3d 162 (1st Dep't 2005) ...........................................................................................10

*Sheila C. v. Povich*,
   11 A.D.3d 120 (1st Dep't 2004) ............................................................................................13

*SRW Assocs. v. Bellport Beach Propr. Owners*,
   129 A.D. 2d 328 (2d Dep't 1987) ..........................................................................................10

*Stern v. Does*,
   978 F. Supp. 2d 1031 (C.D. Cal. 2011) .................................................................................12

*Traguth v. Zuck*,
   710 F.2d 90 (2d Cir.1983) .......................................................................................................4

*Warren v. John Wiley & Sons, Inc.*,
   952 F. Supp. 2d 610 (S.D.N.Y. 2013) .............................................................................10, 11

*Weber v. Geffen Records, Inc.*,
   63 F. Supp. 2d 458 (S.D.N.Y. 1999) ...................................................................................7, 8

**STATUTES**

17 U.S.C. 101 ..................................................................................................................................1

17 U.S.C. § 102(a)(2) ......................................................................................................................8

17 U.S.C. § 106(2) ..........................................................................................................................8

17 U.S.C. § 106(3) ..........................................................................................................................9

17 U.S.C. § 301(a) ......................................................................................................................7, 8

17 U.S.C. § 410(c) ..........................................................................................................................6

17 U.S.C. § 501(b) ..........................................................................................................................5

**OTHER AUTHORITIES**

37 C.F.R. § 202.3(a)(3) ...................................................................................................................6

Fed. R. Civ. P. 9(b) ............................................................................................................2, 10, 11

Fed. R. Civ. P. 12(b)(1) ..................................................................................................................1

Fed. R. Civ. P. 12(b)(6) ..................................................................................................................1

Fed. R. Civ. P. 56 ...........................................................................................................................3

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS............................................................................................................2

STANDARD OF REVIEW ...........................................................................................................3

ARGUMENT..................................................................................................................................4

I. THE COPYRIGHT INFRINGEMENT CLAIM FAILS BECAUSE UMG RECORDINGS NEVER RELEASED, OTHERWISE EXPLOITED, OR RECEIVED INCOME FROM "FOR THE LOVE" OR THE PROJECTS.............................................................................4

II. PLAINTIFFS HAVE NO STANDING TO ASSERT A CLAIM UNDER THE COPYRIGHT ACT...............................................................5

III. PLAINTIFFS' SECOND AND THIRD CAUSES OF ACTION ARE PREEMPTED BY THE COPYRIGHT ACT. .................................................7

IV. PLAINTIFFS' SECOND CAUSE OF ACTION FOR "VIOLATION OF POETIC LICENSE" IS NOT A COGNIZABLE CLAIM UNDER NEW YORK LAW. ................................................................................................9

V. PLAINTIFFS' THIRD CAUSE OF ACTION FAILS BECAUSE NEW YORK DOES NOT RECOGNIZE CIVIL CONSPIRACY AS AN INDEPENDENT CAUSE OF ACTION AND THE AMENDED COMPLAINT DOES NOT MEET THE HEIGHTENED PLEADING REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 9(b)........................................................................................................................9

VI. PLAINTIFFS' CLAIM FOR EMOTIONAL DISTRESS IS AN IMPERMISSIBLE ATTEMPT TO EXPAND THE REMEDIES AVAIALBLE UNDER THE COPYRIGHT ACT AND FAILS TO STATE A CLAIM............................................................................................12

CONCLUSION ............................................................................................................................14

Defendant UMG Recordings, Inc. ("UMG Recordings"; incorrectly named herein as "Universal Music Group" and "Island Def Jam Records")[1] by its attorneys, Jenner & Block LLP, respectfully submits this Memorandum of Law in support of its motion to dismiss the Amended Complaint brought by Herman Kelley and Bessie Banks ("Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) or, in the alternative, for summary judgment pursuant to Rules 12(d) and 56.

## PRELIMINARY STATEMENT

The Amended Complaint alleges one count of copyright infringement under the U.S. Copyright Act ("Copyright Act"), 17 U.S.C. 101 *et seq.*, as well as three additional state law counts. Given the controlling case law discussed below, Plaintiffs' claims fail on numerous grounds.

*First*, Plaintiffs' federal copyright claim must be dismissed under Rule 12(b)(1) & (6) because the Amended Complaint and the documents attached thereto demonstrate that the Plaintiffs are not owners of the copyright in the work at issue. It is well settled that an ownership interest is a jurisdictional prerequisite to maintaining an infringement action. Moreover, Plaintiffs cannot prove infringement because UMG Recordings never released, distributed, otherwise exploited, or received income from the purportedly infringing sound recording, "For the Love", or the mix-tapes on which "For the Love" was featured.

*Second*, the Second and Third Causes of Action must be dismissed under Rule 12(b)(6) because they are each premised upon Plaintiffs' claim of ownership of the copyright in the musical composition at issue, and are thus duplicative of and preempted by Plaintiffs' federal

---

[1] Plaintiffs incorrectly refer to "Island Def Jam Records", "Island Def Jam Music Group", and "Universal Music Group" throughout their Amended Complaint. The Island Def Jam Music Group and Def Jam Recordings are unincorporated divisions of UMG Recordings. Accordingly, UMG Recordings is the only proper party in this case and will respond on behalf of itself, The Island Def Jam Music Group, and Def Jam Recordings (collectively "UMG Recordings").

copyright claim. *Third*, Plaintiffs' claim for "violation of poetic license" must be dismissed because there is no such cognizable claim under New York law. *Fourth*, Plaintiffs' claim for "fraudulent deceit and conspiracy to swindle" should be dismissed because civil conspiracy is not an independent tort recognized by New York law, and because the claim fails to meet the heightened pleading standard for claims sounding in fraud imposed by Federal Rule of Civil Procedure 9(b). Finally, Plaintiffs' claim for "mental anguish" must be dismissed because they have not and cannot allege any of the elements required to establish a claim of intentional or negligent infliction of emotional distress.

## STATEMENT OF FACTS

This action relates to a musical composition allegedly co-written by Plaintiffs entitled "Try to Leave Me If You Can" (the "Composition"). Am. Compl. ¶¶ 1, 8, 11-12. Plaintiffs allege that defendant John Davis Jackson, professionally known as Fabolous ("Fabolous"), incorporated portions of the Composition into his song entitled "For The Love" without permission. *Id.* ¶ 1.

As proof that they co-wrote and "arranged" the music and lyrics of the Composition, Plaintiffs attach to the Amended Complaint, as Exhibit F, a 1973 Certificate of Copyright Registration with the United States Copyright Office, Registration No. E u 513738. *Id.* Ex. F. However, the registration certificate states that the copyright claimants for the Composition are the New York Times Music Corporation & Eden Music Corp. *Id.* Neither Plaintiff is listed as a registered claimant of the copyright in the Composition. *See id.*

Plaintiffs also attach to the Amended Complaint as Exhibit L a "Popular Songwriters Renewal Contract" dated April 18, 1994 ("1994 Contract"), in which Plaintiff Kelley sold, assigned, transferred, and delivered to Iza Music Corporation all rights and interests that he had

2

at that time or would acquire or possess in the future in songs listed on Schedule A, including the Composition. *Id.* Ex. L.

Plaintiffs further allege that "For the Love" was included in two compact discs, "The Soul Collection" and "S.O.U.L. Tape 2", and a video performance (collectively the "Projects"), and that these were all released by The Island Def Jam Music Group, a division of UMG Recordings, or one of Island Def Jam's purported "subsidiary" labels—specifically Desert Storm Records and Killa Records—between November 22, 2012 and May 4, 2013. *Id.* preamble, ¶¶ 2, 7. In fact, neither Desert Storm Records nor Killa Records is a subsidiary of UMG Recordings. *See* Declaration of Nicole Wyskoarko, dated June 2, 2015 ("Wyskoarko Decl.") ¶ 2. Moreover, UMG Recordings did not distribute the Projects. *See id.* ¶¶ 3-7 & Exs. A-B.

## STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'". *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, plaintiffs must plead factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged". *Id.* The Court may properly consider "the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint". *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).[2]

---

[2] UMG Recordings has submitted a declaration from Nicole Wyskoarko in support of its motion in the alternative for summary judgment. If the Court chooses to consider the Wyskoarko Declaration, the Court may properly convert UMG Recordings' motion to dismiss to a motion for summary judgment as the Plaintiffs have been given enough notice through this footnote that there is a possibility that the motion might be converted into one for summary judgment. *See Gusler v. Fischer*, 580 F. Supp. 2d 309, 313-14 (S.D.N.Y. 2008). In responding to the motion, Plaintiffs have a reasonable opportunity to meet facts outside the pleadings. *See id.* at 313. In deciding a motion for summary judgment, the Court may grant a judgment if the pleadings together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Gusler*, 580 F. Supp. 2d at 314.

3

While pleadings drafted by pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers, *Peay v. Ajello*, 470 F.3d 65, 67 (2d Cir. 2006), they are not "exempt . . . from compliance with relevant rules of procedural and substantive law", *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation omitted). Though all reasonable inferences are drawn in the Plaintiffs' favor on a motion to dismiss on the pleadings, the Court need not accept as true "conclusions of law or unwarranted deductions of fact". *See, e.g., Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 175-76 (2d Cir. 2005) (internal quotation omitted).

## ARGUMENT

### I. THE COPYRIGHT INFRINGEMENT CLAIM FAILS BECAUSE UMG RECORDINGS NEVER RELEASED, OTHERWISE EXPLOITED, OR RECEIVED INCOME FROM "FOR THE LOVE" OR THE PROJECTS.

Plaintiffs' claim of copyright infringement against UMG Recordings fundamentally fails because UMG Recordings never manufactured, released, exploited, or received income from the sound recording entitled, "For the Love" or the Projects on which Fabolous allegedly performed "For the Love". Plaintiff has no evidence to the contrary and merely relies on the fact that sound recordings of "For the Love" exist in the marketplace. However, even if true, those facts are irrelevant since UMG Recordings has no relationship to those recordings. *See* Wyskoarko Decl. ¶¶ 3-8 & Exs. A-B. Artists in the hip-hop genre of music frequently "try out" new or experimental material by releasing "unofficial mix-tapes". It appears that The Soul Collection and S.O.U.L. Tape 2 are such mix tapes. *Id.* ¶ 4.[3] Critically, UMG Recordings never accepted delivery from Fabolous of either of the albums on which the song, "For the Love" is featured, and never released, otherwise exploited, or received income from these Projects or from any sound recording of "For the Love". *Id.* ¶¶ 5-8 & Exs. A-B.

---

[3] In Exhibit M to the Amended Complaint, The Clyde Otis Music Group notes that it would not pursue Fabolous for copyright infringement for his "mixtape compilation". Am. Compl. Ex. M.

4

Lacking any indication that UMG Recordings has any connection to these recordings, Plaintiffs allege that Desert Storm Records and Killa Records are subsidiaries of either Def Jam Recordings or The Island Def Jam Music Group. *See* Am. Compl. preamble, Ex. A. This is simply incorrect. Neither Desert Storm Records nor Killa Records is a subsidiary of UMG Recordings. *See* Wyskoarko Decl. ¶¶ 2-3. Accordingly, whether Desert Storm or Killa Records worked with Fabolous in releasing the Projects does nothing to change the fact that UMG Recordings was not involved in the manufacture, distribution, or exploitation of the Project and that it did not receive any income from the projects or the sound recording entitled, "For the Love". *See id.* ¶ 5-8. Accordingly, no claim of copyright can succeed against UMG Recordings.

## II. PLAINTIFFS HAVE NO STANDING TO ASSERT A CLAIM UNDER THE COPYRIGHT ACT.

Plaintiffs' claims fail for the additional reason that it is apparent from the face of the Amended Complaint that Plaintiffs lack standing to pursue their copyright infringement action. The Copyright Act provides that only the legal or beneficial owner of an exclusive right under a copyright has standing to pursue an infringement action. *See* 17 U.S.C. § 501(b). While there is no ambiguity in the statutory language, the Second Circuit has confirmed that under Section 501(b), only the actual or beneficial owners of the copyright or those who have been granted exclusive licenses by the owners of the copyright have standing to sue for copyright infringement. *Eden Toys, Inc. v. Florelee Undergarment Co.*, 697 F.2d 27, 32 (2d Cir. 1982), *superseded on other grounds by* Fed. R. Civ. P. 52(a); *Cortner v. Israel*, 732 F.2d 267, 270-271 (2d Cir. 1984); *see also Newsome v. Brown*, 209 F. App'x 11, 13 (2d Cir. 2006). As the Amended Complaint establishes that Plaintiffs are not the actual owners of the copyright and is devoid of any allegation that either Plaintiff is a beneficial owner or an exclusive licensee, the Court should dismiss the action for lack of standing.

The documents attached to the Amended Complaint refute any notion that Plaintiffs are owners of the copyright in the Composition. Pursuant to 17 U.S.C. § 410(c), a copyright registration is *prima facie* evidence of ownership. ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate."). The copyright registration for the Composition attached to the Amended Complaint names "The New York Times Music Corporation & Eden Music Corp. c/o the New York Times Music Corporation" as the sole claimants (or owners) of the Composition. *See* Am. Compl. Ex. F. As such, these two entities and any subsequent assignees are legally deemed to own "all rights" under U.S. copyright law. *See* 37 C.F.R. § 202.3(a)(3).

Although Plaintiffs are listed as two of three authors of the Composition, neither is registered as a claimant/owner of the copyright. Accordingly, they apparently were, at most, assignors of rights who have no standing to assert a copyright infringement claim. Am. Compl. Ex. F; *see Contractual Obligation Productions, LLC v. AMC Networks, Inc.*, No. 04 Civ. 2867(BSJ)(HBP), 2006 WL 6217754, at *5 (S.D.N.Y. Mar. 31, 2006) ("An assignor of a copyright has no standing to sue for acts of infringement which occurred after execution of the assignment." (internal quotation omitted)); *see also Complex Sys., Inc. v. ABN Ambro Bank N.V.*, 979 F. Supp. 2d 456, 470-71 (S.D.N.Y. 2013).

Plaintiffs' reference to the 1994 Contract between Plaintiff Kelley and Iza Music Corporation, Am. Compl. Ex. L, further confirms this conclusion. In the 1994 Contract, Plaintiff Kelley agreed to sell, assign, transfer, and deliver to Iza Music Corporation "any and *all rights* and interests whatsoever" that he had at that time, or would acquire or possess in the future. in the works listed on Schedule A attached to the contract. *Id.* (emphasis added). Importantly, one of the works included in the annexed Schedule A is the Composition. *See* Am

6

Compl. Ex. L. Accordingly, because it is devoid of any allegations regarding actual current ownership of the copyright in the Composition, the Amended Complaint is plainly insufficient to establish Plaintiffs' standing.[4]

## III. PLAINTIFFS' SECOND AND THIRD CAUSES OF ACTION ARE PREEMPTED BY THE COPYRIGHT ACT.

Plaintiffs cannot circumvent their lack of standing under the Copyright Act by recasting their claims under state law. The Second and Third Causes of Action (which are mere restatements of Plaintiffs' claim that UMG Recordings has infringed Plaintiffs' interests in the Composition, *i.e.*, the copyright), are preempted by the Copyright Act.

Pursuant to Section 301(a) of the Copyright Act, "all legal or equitable rights that are equivalent to any of the exclusive rights" granted within the general scope and subject matter of the Copyright Act are preempted by the Act. 17 U.S.C. § 301(a); *Kregos v. Associated Press*, 3 F.3d 656, 666 (2d Cir. 1993); *Weber v. Geffen Records, Inc.*, 63 F. Supp. 2d 458, 462-63 (S.D.N.Y. 1999).

Under well-established Second Circuit precedent, state law claims are preempted by the Copyright Act if: (1) the work falls within the "subject matter" of the Copyright Act, and (2) the rights asserted by the Plaintiffs fall under the "general scope" of the rights equivalent to one of the bundle of exclusive rights already protected under the Copyright Act. *See Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004). Plaintiffs' Second and Third Causes of Action satisfy both elements and thus each claim is preempted by the Copyright Act.

*First*, there can be no dispute that these two state law claims concern subject matter protected by the U.S. Copyright Act. Each of these purported state law claims concerns the

---

[4] Given that Plaintiffs are not the owners of the copyright in the Composition, in order to bring a copyright claim, Plaintiffs must plead facts sufficient to demonstrate that they are either an exclusive licensee of a right in the Composition or that they are beneficial owners of the Composition. *See Eden Toys*, 697 F.2d at 32; *Cortner*, 732 F.2d at 270-271. The Amended Complaint is devoid of any such allegations.

Composition, which is a "musical work" specifically enumerated in Section 102(a) as subject matter protected by the U.S. Copyright Act. 17 U.S.C. §102(a)(2).

*Second*, the "general scope" element of Section 301 is satisfied because Plaintiffs seek to vindicate rights that are contained within the bundle of exclusive rights protected by the Copyright Act. *See* 17 U.S.C. § 301(a); *Briarpatch Ltd.*, 373 F.3d at 305-06; *Weber*, 63 F. Supp. 2d at 462-63. Section 106 of the Copyright Act "affords a copyright owner the exclusive right to: (1) reproduce the copyrighted work; (2) prepare derivative works; (3) distribute copies of the work by sale or otherwise; and, with respect to certain artistic works, (4) perform the work publicly; and (5) display the work publicly." *Weber*, 63 F. Supp. 2d at 462 (quotation omitted).

Here, Plaintiffs' Second and Third Causes of Action are premised on rights in the Composition equivalent to those protected under the Copyright Act. In describing their Second Cause of Action for violation of Plaintiffs' "poetic license",[5] Plaintiffs allege that the cause of action is based upon their belief that they have the "exclusive right . . . to make creative changes in their copyrighted work", and that Defendants violated that right by making "unauthorized alterations" that "distorted and damaged" the characteristics of the songs. Am. Compl. ¶¶ 14-15. In other words, Plaintiffs' Second Cause of Action is premised on the alleged violation of Plaintiffs' purported right to prepare derivative works of the Composition—one of the exclusive rights afforded under the Copyright Act. *See* 17 U.S.C. § 106(2).

Similarly, in setting forth their Third Cause of Action for "fraudulent deceit and conspiring to swindle", Plaintiffs argue that they had the right to distribute copies of the Work and that Defendants violated that right by allowing websites to offer downloads of Projects incorporating the Composition for free and to sell the Projects for a price without authorization

---

[5] As explained below, this claim fails for the independent reason that it does not exist under New York law. *See infra* Part IV.

8

from Plaintiffs. *See* Am. Compl. ¶¶ 16-18. Plaintiffs thus seek to vindicate their alleged right to "distribute copies or phonorecords of the copyrighted work to the public" pursuant to 17 U.S.C. § 106(3).

Because the Second and Third Causes of Action each seek to vindicate rights in the Composition that are equivalent to exclusive rights protected by the Copyright Act, each of these state law claims is preempted by the Copyright Act and must be dismissed.

IV. **PLAINTIFFS' SECOND CAUSE OF ACTION FOR "VIOLATION OF POETIC LICENSE" IS NOT A COGNIZABLE CLAIM UNDER NEW YORK LAW.**

Plaintiffs' Second Cause of Action for "violation of poetic license" is also subject to dismissal for the independent reason that there is no such cognizable claim under New York state law. Plaintiffs make no reference to any legal basis for its claim. Such an absence is understandable given that there is no reference to a claim of "violation of poetic license" in any reported case or statute. That there is no such state law claim is unsurprising because the subject of "poetic license", to the degree it exists, is subsumed by the Copyright Act's exclusive right to prepare derivative works. *See supra* Part III. Accordingly, Plaintiffs' Second Cause of Action should be dismissed for failure to make a claim.

V. **PLAINTIFFS' THIRD CAUSE OF ACTION FAILS BECAUSE NEW YORK DOES NOT RECOGNIZE CIVIL CONSPIRACY AS AN INDEPENDENT CAUSE OF ACTION AND THE AMENDED COMPLAINT DOES NOT MEET THE HEIGHTENED PLEADING REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 9(b).**

Plaintiffs denominate their third cause of action "fraudulent deceit and conspiring to swindle". Am. Compl. p. 7. There is no such cognizable claim under New York law. Giving Plaintiffs the benefit of all doubts, one may interpret this claim as a claim for fraud or a claim for civil conspiracy. In either event, this cause of action fails given the allegations in the Amended Complaint. First, civil conspiracy is not an independent tort recognized under New York law.

9

Second, Plaintiffs fail to plead the particularity of the circumstances constituting any alleged fraud underlying the cause of action.

To the extent that Plaintiffs are attempting to use Paragraphs 16-18 to state a claim of civil conspiracy to "swindle" Plaintiffs out of royalties, such an effort must be rejected because there is no independent tort of civil conspiracy. *Shared Comm'ns Srvcs. of ESR, Inc. v. Goldman Sachs & Co.*, 23 A.D. 3d 162, 163 (1st Dep't 2005); *SRW Assocs. v. Bellport Beach Prop. Owners*, 129 A.D. 2d 328, 332-33 (2d Dep't 1987) ("[t]here is no substantive tort of conspiracy" under New York law).

Further, to the extent Plaintiffs are attempting to allege a claim sounding in fraud, this cause of action must be dismissed because Plaintiffs fail to satisfy the heightened pleading requirements under Federal Rule of Civil Procedure 9(b) for a claim based on fraud. To satisfy Rule 9(b), a plaintiff "must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent". *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 620-22 (S.D.N.Y. 2013) (quotation omitted); *Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, No. 12-CV-5354, 2014 WL 1311979, at *4 (E.D.N.Y. Mar. 28, 2014). In order to meet the heightened pleading standard set forth in Rule 9(b), a plaintiff may not plead "on information and belief," except where the facts alleged are "peculiarly within the opposing party's knowledge," and even then, the plaintiff must still allege facts upon which the belief is founded. *Warren*, 952 F. Supp. 2d at 622 (quotations omitted). Plaintiffs plainly fail to satisfy these tests.

As an initial matter, Plaintiffs fail to specify *any* "statements" by UMG Recordings, let alone allege that any such statement was false or misleading. Accordingly, it appears that Plaintiffs rely on a claim based on an omission of material fact. Where the claim is premised on concealment such that the plaintiff cannot specify a time and place, "the complaint must still

10

contain allegations of: (1) what the omissions were; (2) the person responsible for the failure to disclose; (3) the context of the omissions and the manner in which they misled the plaintiff; and (4) what the defendant obtained through the fraud". *Warren*, 952 F. Supp. 2d at 621 (quotation omitted).

Plaintiffs fail to adequately plead any such omission. The closest they get is to suggest that Defendants allegedly made the public (and thus Plaintiffs) aware of promotional copies of the Projects but concealed the commercial exploitation of the Projects. *See* Am Compl. ¶ 16. As an initial matter, UMG Recordings had nothing to do with any promotional or commercial copies of the Projects. *See* Wyskoarko Decl. ¶¶ 3-8. Moreover, Plaintiffs do not suggest how or why UMG Recordings would "conceal" commercial exploitation of the Projects. Presumably if there was a commercial release, the purpose would be to stimulate, not conceal, commercial availability. Further, even the distribution of promotional copies would reflect an assertion of ownership inconsistent with any claim of concealment. Finally, the allegation that commercial availability of the Projects was concealed (by anyone) is demonstrably false and is belied by the exhibits attached to the Amended Complaint. *See* Am. Compl. Exs. B, C, I(a)-(b), H(a)-(b), J. The screenshots of websites offering the Projects for sale demonstrate that the commercial exploitation of the Projects was "open and notorious" and that Plaintiffs possessed *actual knowledge* of this exploitation. *See, e.g., id.* Exs. I(a), J. Thus, there is no foundation for any allegation of concealment or omission of material fact.

Finally, given Plaintiffs' failure to identify a material misrepresentation or adequately plead an omission of fact, it is unsurprising that Plaintiffs do not and cannot plead who at UMG Recordings was responsible for any misrepresentation or omission. Plaintiffs have thus failed to meet each and every requirement of Rule 9(b).

Given that there is no independent tort of civil conspiracy and Plaintiffs have failed to meet the heightened pleading standard for a claim based in fraud, the Court must dismiss Plaintiffs' Third Cause of Action and reject Plaintiffs' attempt to skirt the Copyright Act's standing requirement by attempting to frame their infringement claim as a state law claim.

### VI. PLAINTIFFS' CLAIM FOR EMOTIONAL DISTRESS IS AN IMPERMISSIBLE ATTEMPT TO EXPAND THE REMEDIES AVAIALBLE UNDER THE COPYRIGHT ACT AND FAILS TO STATE A CLAIM.

Finally, Plaintiffs' claim for "mental anguish" is nothing more than a cause of action for intentional or negligent infliction of emotional distress. This is merely an impermissible attempt to judicially expand the remedies for copyright infringement. *See Stern v. Does*, 978 F. Supp. 2d 1031, 1050 (C.D. Cal. 2011) (holding emotional distress claims are not compensable under the Copyright Act) (citing *Mackie v. Rieser*, 296 F.3d 909, 917 (9th Cir. 2002) (holding plaintiff's "subjective view, which really boils down to 'hurt feelings' over the nature of the infringement, has no place in [the damages] calculus")).

Moreover, Plaintiffs have failed to sufficiently plead the elements of either claim. Under New York law, a claim for intentional infliction of emotional distress requires: "(1) extreme and outrageous conduct; (2) intent to cause, or [reckless] disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress". *Howell v. N.Y. Post Co.*, 81 N.Y.2d 115, 121 (1993). In practice, the courts have tended to focus on the element most susceptible to a determination as a matter of law: the extreme and outrageous conduct. *Id.* A claim for intentional infliction of emotional distress must be supported by allegations of conduct by UMG Recordings that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community".

*Sheila C. v. Povich*, 11 A.D.3d 120, 130-31 (1st Dep't 2004) (quotation omitted); *see also Howell v. NY. Post Co.*, 81 N.Y.2d 115, 122 (1993).

Plaintiffs allege that all the emotional harm suffered resulted from the alleged copyright infringement. Am. Compl. ¶19. The law is clear that even knowing and purposeful copyright infringement is insufficient to constitute "extreme and outrageous conduct" on the part of defendants. *Hareley v. Nesby*, No. 08 Civ. 5791, 2012 WL 1538434, at *5 (S.D.N.Y. April 30, 2012). Accordingly, any claim of intentional infliction of emotional distress as a result of copyright infringement fails as a matter of law.

Plaintiffs also fail to allege any of the essential elements of a claim for negligent infliction of emotional distress. New York courts have historically disfavored claims for emotional distress, even where there were physical manifestations of the injury. *Howell*, 81 N.Y. 2d at 120 (citing *Mitchell v. Rochester Ry. Co.*, 151 N.Y. 107 (1896)). However, New York courts have recently allowed recovery for negligent infliction of emotional distress provided that it is premised on a breach of a duty owed to a plaintiff which either unreasonably endangers the plaintiff's physical safety, or causes the plaintiff to fear for his own safety. *See, e.g., Bernstein v. E. 51st St. Dev. Co.*, 78 A.D.3d 590, 591 (1st Dep't 2010); *Sheila C.*, 11 A.D.3d at 130. Plaintiffs have not (and indeed cannot) plead any allegations about any threat to Plaintiffs' own physical safety. The allegations focus solely on how the alleged copyright infringement has impacted Kelley's mental state and inspiration to write. *See* Am. Compl. ¶¶ 19-21.

As Plaintiffs have failed to state a claim for either negligent or intentional infliction of emotional distress, the Plaintiffs' Fourth Cause of Action for mental anguish should be dismissed.

## CONCLUSION

For the foregoing reasons, UMG Recordings, Inc. respectfully requests that the Court grant its motion to dismiss the Plaintiffs' Amended Complaint as against UMG Recordings or, in the alternative, grant summary judgment to UMG Recordings.

Dated: June 2, 2015

JENNER & BLOCK LLP

By: *[signature: Andrew H. Bart]*

Andrew H. Bart
Christine I. Lee
919 Third Avenue, 37th Floor
New York, New York 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
*Attorneys for Defendant UMG Recordings, Inc.*