UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------:
HERMAN KELLEY and BESSIE BANKS,   :  14 Civ. 2968 (PAE) (JCF)
                                  :
         Plaintiffs,              :     REPORT AND
                                  :     RECOMMENDATION
    - against -                   :
                                  :
THE UNIVERSAL MUSIC GROUP, ISLAND :
DEF JAM MUSIC GROUP, ISLAND DEF   :
JAM RECORDS, DESERT STORM RECORDS,:
KILLA RECORDS, and JOHN DAVID     :
JACKSON p/k/a FABOLOUS,           :
                                  :
         Defendants.              :
------------------------------------:

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/5/17
```

TO THE HONORABLE PAUL A. ENGELMAYER, U.S.D.J.:

The pro se plaintiffs, Herman Kelley and Bessie Banks, brought this action, including claims of copyright infringement pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., against the defendants UMG Recordings, Inc. ("UMG"),[1] Island Def Jam Music Group ("IDJMG"), Island Def Jam Records ("DJR"), Desert Storm Records ("DSR"), Killa Records ("Killa"), and John David Jackson (referred to here by his professional name, "Fabolous"). More specifically, the plaintiffs allege that Fabolous sampled a portion of their song, "Try To Leave Me If You Can," in his song, "For the Love." The plaintiffs sued UMG, IDJMG, DJR, DSR, and Killa as "affiliated"

---

[1] UMG was incorrectly sued by the name "The Universal Music Group."

1

companies involved in the alleged infringement. For the reasons set forth below, I recommend that the action be dismissed.

Background

It is the procedural history that is relevant here, rather than the plaintiffs' substantive allegations regarding copyright infringement. The plaintiffs filed their original Complaint on April 22, 2014. On August 27, 2014, they filed an Amended Complaint, alleging (1) copyright infringement of the "Try To Leave Me If You Can" composition (the "Composition"), (2) violation of plaintiffs' "poetic license," (3) "fraudulent deceit and conspiring to swindle," and (4) mental anguish. (Amended Complaint ("Amend. Compl.") at 2-9). Each claim was based on Fabolous' alleged sampling of "Try To Leave Me If You Can" in "For the Love." DSR and Killa were included as defendants in the suit because they were "affiliated companies also involved in wrongfully using plaintiff[s'] song." (Amend. Compl. at 2). The plaintiffs sued UMG, IDJMG, and DJR as the alleged parent companies of DSR and Killa. (Amend. Compl. at 2).

On June 2, 2015, UMG filed a motion to dismiss the Amended Complaint or, in the alternative, for summary judgment on behalf of itself and its unincorporated divisions, IDJMG and DJR. (Memorandum of Law in Support of the Motion of UMG Recordings, Inc. To Dismiss the Amended Complaint or, in the Alternative, for

2

Summary Judgment at 1 n.1). UMG also submitted a declaration stating that, contrary to the allegation made in the Amended Complaint, DSR and Killa are neither subsidiaries nor affiliates of UMG. (Declaration of Nicole Wyskoarko dated June 2, 2015, ¶ 2). To date, Fabolous, Killa, and DSR have not appeared in this action.

The Honorable Paul A. Engelmayer, U.S.D.J., granted UMG's motion to dismiss the Amended Complaint in its entirety on October 19, 2015. See Kelley v. Universal Music Group, No. 14 Civ. 2968, 2015 WL 6143737, at *1 (S.D.N.Y. Oct. 19, 2015). He dismissed the copyright infringement claim for lack of standing because the plaintiffs had not sufficiently established that they were either the legal or beneficial owners of the copyright for the Composition. Id. at *3-5. He also dismissed the "poetic license" and "fraudulent deceit and conspiring to swindle" claims as preempted by the Copyright Act. Id. at *5-6. Finally, he dismissed the "mental anguish" claim because such damages are outside the scope of the Copyright Act. Id. at *6-7. Although Judge Engelmayer dismissed the Amended Complaint in its entirety, he nonetheless granted the plaintiffs leave to replead "one final time," but only with respect to the copyright infringement claim, noting that they might be able to plead standing adequately "by alleging concrete facts supporting either actual or beneficial

3

ownership as to [the Composition]." Id. at *7. He dismissed the other three claims with prejudice. Id.

On February 23, 2016, the plaintiffs filed a Second Amended Complaint repleading all four claims and bringing new claims for (1) copyright infringement of the sound recording of "Try To Leave Me If You Can" that was allegedly sampled by Fabolous (the "Recording") and (2) "violation of intellectual property." (Second Amended Complaint ("Second Amend. Compl.") at 4-8, 10-14). On March 23, 2016, UMG moved, on behalf of itself, IDJMG, and DJR, to dismiss the Second Amended Complaint.

On September 29, 2016, Judge Engelmayer granted UMG's motion in part and denied it in part. See Kelley v. Universal Music Group, No. 14 Civ. 2968, 2016 WL 5720766, at *1 (S.D.N.Y. Sept. 29, 2016). He found that the plaintiffs had sufficiently established their beneficial ownership of the Composition and therefore cured the standing issue as to the copyright infringement claim for the Composition. Id. at *5-7. However, he dismissed the copyright infringement claim as to the Recording for lack of standing because the plaintiffs had not adequately pled legal or beneficial ownership of the Recording. Id. at *7. Construing the "violation of intellectual property" claim as a state-law unfair competition claim, Judge Engelmayer found it was preempted by the Copyright Act. Id. at *8. Finally, he again dismissed the claims for

4

violation of "poetic license," "fraudulent deceit and conspiring to swindle," and "mental anguish" because they had previously been dismissed with prejudice and, in any case, were "either preempted by or [sought] damages outside the scope of the Copyright Act." Id. at *9-10 (quoting Kelley, 2015 WL 6143737, at *7). The Court then referred the case to me for general pretrial supervision. Id. at *10.

After the pretrial conference on November 3, 2016, I issued an Order directing that all discovery be completed by January 31, 2017, and that the pretrial order or any dispositive motion be submitted by February 28, 2017. (Order dated Nov. 3, 2016). Seeing no evidence of any activity in the case, I issued an Order on April 3, 2017, directing the plaintiffs to show cause, by April 21, 2017, why the action should not be dismissed for failure to prosecute. (Order to Show Cause dated April 3, 2017). On April 5, 2017, the parties filed a stipulation voluntarily dismissing the action with prejudice as to UMG, IDJMG, and DJR. (Stipulation of Voluntary Dismissal ("Stipulation") dated April 5, 2017). Subsequently, on April 10, 2017, the plaintiffs submitted a letter informing the Court of the "fully executed settlement agreement" between the "[d]efendants and [] plaintiffs," and stating that they accordingly "ha[d] no reason to show cause as to why this action should not be dismissed." (Letter of Herman Kelley dated April 10,

5

2017 ("4/10/17 Kelley Ltr.")). I received no other communication from the plaintiffs in the two months thereafter. Then, in a letter dated June 20, 2017, the plaintiffs stated that they were seeking legal counsel to assist them in this action. (Letter from Herman Kelley dated June 20, 2017).

Discussion

    A. UMG, IDJMG, and DJR

The plaintiffs settled their claims with UMG, and therefore also with IDJMG and DJR. The plaintiffs' letter to the Court expressly referred to the settlement agreement and Stipulation of Voluntary Dismissal as to UMG, IDJMG, and DJR and explicitly stated that the plaintiffs "ha[d] no reason to show cause as to why this action should not be dismissed." (4/10/17 Kellet Ltr.). Consequently, the claims against UMG, IDJMG, and DJR should be dismissed with prejudice.

    B. DSR, Killa, and Fabolous

Rule 4(m) of the Federal Rules of Civil Procedure requires dismissal without prejudice if service of the complaint and summons is not made within 90 days[2] after those documents are filed. Fed.

---

[2] The Complaint and Amended Complaint were filed before the 2015 Amendment to the Federal Rules of Civil Procedure took effect on December 1, 2015. As such, those filings were subject to the 120 day time period for service. The Second Amended Complaint, however, was filed on February 23, 2016 and therefore was subject to the 90 day time period for service. See, e.g., George v.

R. Civ. P. 4(m). Although "it is well settled that a plaintiff's pro se status entitles him or her to a certain degree of leniency insofar as service of process is concerned," Ketchuck v. Ferris, No. 3:10-CV-0870, 2011 WL 3666594, at *2 (N.D.N.Y. March 31, 2011), pro se litigants are still "required to attempt to comply with procedural rules, especially when they can be understood without legal training and experience," Yadav v. Brookhaven National Laboratory, 487 F. App'x 671, 672 (2d Cir. 2012).

In this case, the plaintiffs failed to properly serve the Amended Complaint on defendants DSR, Killa, and Fabolous. (ECF 45, 46, 47). Nor is there any indication on the docket suggesting they ever served the Second Amended Complaint on those defendants. None of those parties has appeared in this action. Therefore, the claims against DSR, Killa, and Fabolous should be dismissed without prejudice for failure to effect service. See Terry v. Village of Ossining, No. 12 Civ. 5855, 2013 WL 5952834, at *4-6 (S.D.N.Y. Nov. 5, 2013); Zapata v. Isabella Geriatric Center, No. 12 Civ. 738, 2013 WL 1762900, at *2 (S.D.N.Y. April 1, 2013) (collecting cases), report and recommendation adopted, 2013 WL 1762168 (S.D.N.Y. April 24, 2013).

---

Professional Disposables International, Inc., 221 F.3d 428, 432 n.1 (S.D.N.Y. 2016) (applying 90-day time limit where Amended Complaint was filed three weeks after effective date of the 2015 Amendment).

Conclusion

For the reasons discussed above, I recommend that this case be dismissed; the dismissal should be without prejudice as to DSR, Killa, and Fabolous. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Such objection shall be filed with the Clerk of the Court, with extra copies delivered to the Chambers of the Honorable Paul A. Engelmayer, Room 2201, 40 Foley Square, New York, New York, 10007, and to the Chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       July 5, 2017

Copies mailed this date:

Herman Kelley
305 Classon Ct.
Somerset, NJ 08873

Bessie Banks
185 St. Marks Pl.
Apt. 9B
Staten Island, NY 10301

Andrew H. Bart, Esq.
Christine I. Lee, Esq.
Jenner & Block LLP
919 Third Ave., 37th Floor
New York, NY 10022