USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/11/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

HERMAN KELLEY and BESSIE BANKS,

                              Plaintiffs,

                -v-

THE UNIVERSAL MUSIC GROUP, ISLAND DEF JAM
MUSIC GROUP, ISLAND DEF JAM RECORDS,
DESERT STORM RECORDS, KILLA RECORDS, and
JOHN DAVID JACKSON p/k/a FABOLOUS,

                             Defendants.

------------------------------------------------------------X

14 Civ. 2968 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

*Pro se* plaintiffs Herman Kelley and Bessie Banks bring this action against defendants UMG Recordings, Inc. ("UMG"); Island Def Jam Music Group ("IDJMG"); Island Def Jam Records ("DJR"); Desert Storm Records ("DSR"); Killa Records ("Killa"); and John David Jackson, known professionally as Fabolous ("Fabolous"), alleging, *inter alia*, copyright infringement under to the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*. On July 5, 2017, the Honorable James C. Francis, United States Magistrate Judge, issued a Report and Recommendation (the "R&R") that this action be dismissed with prejudice as to UMG, IDJMG, and DJR, and without prejudice as to DSR, Killa, and Fabolous. *See* Dkt. 101. For the following reasons, the Court adopts the R&R in its entirety.

I.    **Background**

The following summary is drawn from the R&R's account of the facts, to which no party objects. This summary reflects a liberal construction of plaintiffs' submissions, in light of their *pro se* status. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

On April 22, 2014, the plaintiffs filed the original complaint in this action, alleging that Fabolous had sampled a portion of their song "Try To Leave Me If You Can," in Fabolous's own song, "For the Love." Dkt. 2. Plaintiffs sued UMG, IDJMG, DJR, DSR, and Killa as "affiliated companies also involved in wrongfully using plaintiff song [sic]." *Id.* at 1.

On August 27, 2014, plaintiffs filed the First Amended Complaint ("FAC"), which brought claims of (1) copyright infringement of the composition of "Try To Leave Me If You Can," (2) violation of plaintiffs' "poetic license," (3) "fraudulent deceit and conspiring to swindle," and (4) mental anguish. Dkt. 10. On October 19, 2015, the Court granted UMG's motion to dismiss the FAC, granting the plaintiffs leave to replead the copyright infringement claim and dismissing the other three claims with prejudice.

On February 23, 2016, the plaintiffs filed the Second Amended Complaint ("SAC"), repleading all four claims and also bringing new claims for (1) copyright infringement of the sound recording of "Try To Leave Me If You Can" and (2) "violation of intellectual property." Dkt. 78. On September 29, 2016, the Court granted UMG's motion to dismiss all claims in the SAC, save the composition copyright infringement claim as to "Try To Leave Me If You Can." Dkt. 94. The Court then referred the case to Magistrate Judge Francis for general pretrial supervision.

After a pretrial conference on November 3, 2016, Magistrate Judge Francis issued an Order directing that all discovery be completed by January 31, 2017, and that the pretrial order or any dispositive motion be submitted by February 28, 2017. On April 3, 2017, after those deadlines passed without any evidence of activity, Magistrate Judge Francis issued an order directing the plaintiffs to show cause, by April 21, 2017, why the action should not be dismissed for failure to prosecute. Dkt. 97.

2

On April 5, 2017, the parties filed a stipulation voluntarily dismissing the action with prejudice as to UMG, IDJMG, and DJR. Dkt. 98.

On April 10, 2017, plaintiffs submitted a letter stating that "Defendants and we as plaintiffs, agreed upon a fully executed settlement agreement on 03/30/2017" and that "accordingly; we have no reason to show cause as to why this action should not be dismissed." Dkt. 99. Plaintiffs concluded, "We thank the court for allowing us as plaintiffs the privilege to present our case." *Id.*

On June 21, 2017, plaintiffs submitted a letter styled as a "motion to continue," stating that they were seeking legal counsel to assist them in this action. Dkt. 100.

On July 5, 2017, Magistrate Judge Francis issued an R&R, recommending that the Court (1) dismiss claims against UMG, IDJMG, and DJR with prejudice in light of plaintiffs' letter of April 10, 2017; and (2) dismiss claims against DSR, Killa, and Fabolous without prejudice in light of plaintiffs' failure to properly serve the SAC on those defendants. Dkt. 101.

On August 18, 2017, plaintiffs filed objections to the R&R. Dkt. 105. Plaintiffs asked the Court to "to suspend dismissal of this case based on the inevitable evidence against defendant John Davis Jackson (PNA) Fabolous," representing that "[s]aid irrefutable evidence against him was stated in our Second Amended Complaint with accompanying exhibits." *Id.* at 1. Plaintiffs also claimed that "the marshals office properly served Jackson on 08/06/2014." *Id.* at 2.

## II. Standard for Review

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the

3

record." *King v. Greiner*, No. 02 Civ. 5810, 2009 WL 2001439 (S.D.N.Y. July 8, 2009) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). However, where specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report and Recommendation strictly for clear error. *See Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812, 2012 WL 383667 (S.D.N.Y. Feb. 7, 2012); *Brown v. Time Warner Cable*, No. 10 Civ. 8469, 2011 WL 4549625 (S.D.N.Y. Oct. 3, 2011); *Soley v. Wasserman*, No. 08 Civ. 9262, 2011 WL 4526145 (S.D.N.Y, Sept. 29, 2011); *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816 (S.D.N.Y. July 21, 2008).

The Court is mindful that *pro se* parties are generally accorded leniency when making objections. *Pinkney*, 2008 WL 2811816 (citing *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002)); *see also Vasquez v. Reynolds*, No. 00–cv–0862, 2002 WL 417183 (S.D.N.Y. Mar. 18, 2002). Nonetheless, to trigger *de novo* review, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate judge's report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citing *Camardo v. Gen. Motors Hourly–Rate Emps. Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 2002)).

### III. Discussion

Plaintiffs' objections do not implicate Magistrate Judge Francis's dismissal of the claims against UMG, IDJMG, and DJR; the objections address Fabolous alone. The Court finds no

clear error in Judge Francis' reasonable finding that the settlement agreement, stipulation of voluntary dismissal, and explicit statement that the plaintiffs had no reason to show cause against dismissal of their claims warrants dismissal of claims against UMG, IDJMG, and DJR with prejudice. Accordingly, the Court adopts Magistrate Judge Francis's recommendation that the claims against UMG, IDJMG, and DJR be dismissed with prejudice.

With regard to the claims against DSR, Killa, and Fabolous, the Court finds that, whether reviewed *de novo* or for clear error, Judge Francis's recommendation of dismissal with prejudice is also proper. While plaintiffs' objections stress the SAC's "inevitable evidence" against Fabolous, the merit of the SAC's allegations as to copyright infringement, and the extent of the evidence supporting those claims, has no bearing on whether the SAC was properly served on Fabolous in accordance with Federal Rule of Civil Procedure 4(m). And while plaintiffs argue that the marshals office properly served Fabolous on August 6, 2014, it was the underlying complaint, and not the SAC, that was served on Jackson on that date. *See* Dkt. 11. As noted, the SAC was not even filed until February 23, 2016. Dkt. 78. Accordingly, the Court adopts Magistrate Judge Francis's recommendation that the claims against DSR, Killa, and Fabolous be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Magistrate Judge Francis' July 5, 2017, Report and Recommendation.

It is hereby ordered that: (1) plaintiffs' claims against defendants UMG, IDJMG, and DJR are DISMISSED with prejudice; and (2) plaintiffs' claims against DSR, Killa, and Fabolous are DISMISSED without prejudice.

5

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: September 11, 2017
　　　　New York, New York